BEFORE THE FIRST DIVISION

APRIL 8, 1965

**No. 69237.**—Engis Equipment Company v. United States, protest 61/11048.— ▓▓▓▓▓▓▓▓▓▓.—Plaintiff's motion for the issuance of a commission denied. The following memorandum, in which WILSON, J., concurred, accompanied the order denying motion for a commission.

NICHOLS, Judge: This is a motion for an order for the issuance of a commission to the American consul at London, England, or other official designated by him, to take the testimony of Alfred Herbert Sidney Thomas Compton.

In an affidavit in support of the motion, Earl R. Lidstrom, Esq., an associate of the firm of Wallace & Schwartz, Esqrs., attorney for the plaintiff, states that the merchandise consists of a device known as an autocollimator, which was assessed with duty as an optical instrument under paragraph 218 of the Tariff Act of 1930. It is claimed to be properly dutiable as a laboratory instrument under paragraph 360. One of the facts which must be established is that the device is in chief value of metal. Deponent believes that the proposed witness, work manager of the factory where the merchandise was manufactured, is qualified and willing to give evidence with respect to the same. A copy of the proposed direct interrogatories is annexed to the motion and deponent stated that, except for Nos. 20 and 21, they had been submitted to a representative of the Customs Section of the Assistant Attorney General's Office in November 1964, together with written answers prepared for each interrogatory by the witness.

Counsel for the Government has submitted as alternatives two proposed orders, one granting the motion, but providing that the defendant have 30 days after receipt of the answer to the direct interrogatories within which to serve and file cross-interrogatories, and the other providing that the defendant have 30 days after the date of the order to file cross-interrogatories, and 30 days from the receipt of the answers to the direct interrogatories within which to serve and file additional cross-interrogatories, if deemed necessary.

In support of this procedure, counsel have submitted a memorandum, stating that by this method the defendant will not be subjected to the burden of anticipating the answers of the witness and that it will provide each party with an equal opportunity to examine the witness and would most closely resemble the procedures and practice governing an oral examination where the witness is present in court.

Counsel for the plaintiff have countered with a memorandum stating that the proposed procedure is improper and unauthorized under the rules, not in conformity with the orderly handling of litigation, and unnecessary and unreasonable. It is also claimed that the procedure should not be permitted unless the additional costs, charges, and expenses incidental to the "second" taking of a deposition be borne by the defendant.

Rule 21 of the rules of this court provides that commissions shall be issued whenever it shall appear to the satisfaction of the judge or division before whom the case is pending that the testimony of witnesses in another country or a distant part of the United States is necessary and important and that the attendance of such witnesses cannot reasonably be had. It is also provided:

(b) Commissions or letters rogatory to take depositions shall be issued only upon order pursuant to a motion made in writing, accompanied by affidavit duly verified, setting forth the names and addresses of the witnesses whose testimony is sought, *the facts which are expected to be proved by them*, the necessity for their testimony, and why their attendance at the trial cannot reasonably be had.

\* \* \* \* \* \* \*

(f) Interrogatories and cross-interrogatories for the examination of witnesses under a commission or letters rogatory shall be filed with the clerk of the court and a copy served upon the opposite party within the time fixed by the court. If there be objections either to the interrogatories or cross-interrogatories, such objections shall be filed with the clerk of the court and may be passed upon by the judge or the division of the court having jurisdiction of the subject matter, or may be filed with the papers and passed upon at the trial.

(g) Such commissions or letters rogatory to take depositions may be issued to an American consul, or to a court, notary public, or other officer authorized to administer oaths by the laws of the state, territory, the District of Columbia, outlying possession or country where the deposition is taken, and forwarded within a time set by the court, by the attorney, or applicant, together with the interrogatories and cross-interrogatories attached. The answers of each witness under oath to both direct and cross-interrogatories shall be in writing and subscribed to by said witness. Thereupon the commissioner, or authority to whom letters rogatory are directed, shall return the same to the clerk of the court, through proper channels, and the testimony so taken may be read upon the trial of the case and shall be considered with the same force and effect as though the witness were personally present, subject to any and all objections as to competency, materiality, and relevancy, which objections may be made at the time said deposition is offered.

\* \* \* \* \* \* \*

(i) All costs, charges, and expenses, incident to taking depositions shall be borne by the party making application for the same unless otherwise provided for by stipulation or order of the court. [Emphasis supplied.]

These rules contemplate that the party applying for a commission shall state the facts expected to be proved by the witness. This means much more than a statement of the ultimate fact for the court to decide, as here, that the com-

ponent material of chief value is metal. Obviously counsel, if in his right mind, would not be applying for a commission, unless he had detailed information as to what the witness would testify. The purpose of requiring that such information be divulged in the affidavit is not only to tell the court what it needs to know to decide whether the testimony is necessary and important, but also to give opposing counsel a basis upon which to draw up cross-interrogatories.

In the instant case, this has not been done, and, possibly this is why counsel for the Government is requesting that cross-interrogatories be filed after the answers have been received, or that additional ones be filed after the answers to both direct and cross-interrogatories have been received. It could be that if the Government had the information called for by the rule, it could frame satisfactory cross-interrogatories without awaiting the answers to the interrogatories in chief.

The court has the authority to issue an order providing that a commission issue to examine the witness on direct interrogatories filed at one time and cross-interrogatories filed at another, if it deems this necessary in the interests of justice. It also has authority to provide for the payment of costs by the party making the application or otherwise.

We recognize that there are difficulties when evidence is elicited by interrogatories and answers taken before an American consul or other official rather than in open court where the witness is subject to cross-examination. We also recognize that this procedure, though imperfect, is sometimes necessary if evidence is to be obtained at all. The procedure sought by the defendant would subject the witness to two interrogations, and it is possible that he would regard this as harassment and would not agree to the second examination. The answers to the direct interrogatories might then have to be stricken from the record, leaving no evidence on the particular point. We would thus be hampered in reaching a correct decision on the issue. This court has an interest in maintaining the reputation it hopes it has, for courteous and considerate treatment of witnesses, and this applies with particular force to witnesses who are outside the subpoena power of the court.

The purpose of the procedure in rule 21 is to provide the court with as much information as possible, while at the same time safeguarding the interests of all parties. We think this result can be reached if the parties follow the procedure in all details, carefully worked out as they are. The party applying for the commission must provide the court and opposing counsel with a full statement—really full—of the facts expected to be proved by the witness. After seeing this and the direct interrogatories, the opposing party will be able—we hope—to prepare proper cross-interrogatories. The witness will be interrogated only once, in the ordinary course, and only one set of charges will be incurred. It may be that, in an unusual case, further interrogatories might be necessary which might require the issuance of another commission.

In the instant case, where plaintiff has not presented a full, or, indeed, any statement of the evidentiary facts expected to be proved, the ends of justice will be best served by denying the motion, with leave to renew upon a complete affidavit. On the filing of an affidavit, sufficient in the judgment of the court, the motion will be granted, and defendant will be required to file its cross-interrogatories within a reasonable time after the filing of the direct interrogatories, and both will be sent to the American consul or other official at the same time. Should the defendant find any other procedure necessary or desirable from its point of view, it will have to present clear and convincing reasons, or apply for a commission on its own behalf.